JULES E. TEPPER AND DAVID Z. JESELSOHN, TRUSTEE UNDER INDENTURE DATED JULY 1, 1941, PLAINTIFFS-RESPONDENTS, v. ANN EARLE TALCOTT, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 18, 1950—Decided January 15, 1951.

Before Judges FREUND, PROCTOR and ROGERS.

*Mr. Alfred C. Clapp* argued the cause for the plaintiffs-respondents.

*Mr. Robert F. Darby* argued the cause for the defendant-appellant (*Messrs. Harrison & Roche & Darby,* attorneys).

The opinion of the court was delivered by

FREUND, S. J. A. D.   The defendant, Ann Earle Talcott, appeals from an order entered in the Chancery Division "appointing a receiver and trustee, providing for the deposit of securities and imposing restraints on defendant."

Jules E. Tepper, one of the plaintiffs, is named in the last will and testament of Francis E. Talcott, deceased, dated July 1, 1941, as a beneficiary and as an executor and trustee. David Z. Jeselsohn, the other plaintiff, is an alternate executor and trustee under decedent's will, and a trustee under an indenture dated July 1, 1941, made in contemplation of the marriage of the decedent and Ann Earle Talcott, the defendant.

The complaint seeks a judgment that the defendant, Ann Earle Talcott, holds all the assets of the estate of the decedent, Francis E. Talcott. in trust for the plaintiff, Jules E. Tepper; a restraint against the defendant from transferring, assigning and selling or in any way disposing of such assets; and the appointment of a receiver *pendente lite.* The plaintiffs had an order to show cause and upon its return a consent order was entered wherein all the bonds, stocks and securities owned by the decedent at the time of his death, constituting assets of his estate, were to be deposited with the National

State Bank of Newark, New Jersey, to be held in a safe deposit box, the bank to collect the income on such securities and remit the same to the defendant. Two weeks later, the plaintiffs gave notice of an application for an order appointing a receiver or trustee. The petition, verified by plaintiffs' affidavits, alleged that pursuant to the order the depository received securities having a face value of $609,000 and certain shares of stock, but that during his lifetime the decedent entrusted to the defendant other securities of a substantial amount, which were not deposited. The petition further alleged that the defendant improperly secured these assets from the decedent during his lifetime; that they constitute part of his estate and should have been, but were not, deposited with the National State Bank as required by the court's order, and that the assets in decedent's estate were substantially in excess of $1,000,000.

The defendant filed an answering affidavit denying that the decedent entrusted securities to her, but admitting that his gross estate reported for tax purposes amounted to $924,855.39, and stating that she deposited with the National State Bank securities having a face value of $609,000 and certain shares of stock having an undisclosed value. The defendant also shows that since 1940 the decedent had disbursed the aggregate sum of $134,000 for legal fees, payments to his former wife and gifts. Accepting but not passing upon the correctness of these figures, the defendant thus accounted for about $750,000, without placing any value on the shares of stock in decedent's estate, so that the sum of about $250,000 seems to be unaccounted for.

Upon the foregoing showing, a receiver and trustee was appointed of all the assets belonging to the decedent at the time of his death, and the Federal Trust Company of Newark was named depository. The receiver and trustee was authorized to "inquire after, collect and sue for other assets of" the decedent, to examine any persons respecting the affairs and transactions of the decedent and his real and personal assets, and to pay monthly to the defendant the income from the assets in his possession. It is from this latter order that

the defendant appeals, arguing that the appointment of a receiver and trustee and the removal of the securities were not justified.

The decedent under the indenture and a will dated July 1, 1941, gave and bequeathed to the defendant the sum of $100,000, the income of the residuary estate during her life, and his jewelry, household furniture and other miscellaneous personal articles. The residuary estate was bequeathed to the plaintiff, Jules E. Tepper. Under a later will dated April 16, 1945, and admitted to probate, the entire estate was left to the defendant and she was appointed executrix. The plaintiffs allege that the latter will was the product of undue influence. To support this contention, the plaintiff, Jules E. Tepper, annexed to the complaint four letters written to him by the decedent during the period from October 18, 1944, to April 7, 1945, which show that the relations between the decedent and his wife, the defendant, were strained. He wrote in one of the letters to Mr. Tepper, his friend and confidant, that "from the very beginning of our married life, she (the defendant) started systematically to impose her will on me, and tried to get away from me any money or property which she could, threatening to leave me or other consequences if I refused."

In view of the charges, the court was obliged to exercise its sound discretion with respect to the appointment of a receiver and another depository. The order appointing the receiver and depository does not adjudicate the merits of the controversy, which remain to be litigated, nor does it substantially affect the legal or equitable rights of the parties. From all the facts and circumstances, it cannot be said that there was an abuse of discretion, nor does the defendant furnish any particulars of abuse of discretion. *Hoffman v. Maloratsky,* 112 *N. J. Eq.* 333 (*E. & A.* 1933); *Carlo v. Okonite, &c.,* 3 *N. J.* 235 (1949).

Affirmed.